# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

KENNETH DERRELL BROWN, JR.,  )
                             )
    Petitioner,              )
                             )
v.                           )   Case No. 7:24-cv-00872-MHH-NAD
                             )
CHRISTOPHER GORDY, Warden,   )
                             )
    Respondent.              )

## **MEMORANDUM OPINION**

On June 4, 2025, the magistrate judge entered a report in which he recommended that the Court dismiss Kenneth Derrell Brown Jr.'s petition for writ of habeas corpus under 28 U.S.C. § 2254 because he has not exhausted his state court remedies. (Doc. 33). The magistrate judge advised Mr. Brown of his right to object within 14 days. (Doc. 33, pp. 12-13). To date, the Court has not received objections.[1]

---

[1] Mr. Brown filed a "Letter Rogatory" on which he wrote "(This is not a Motion)." (Doc. 34). In that document, Mr. Brown, proceeding as "Ali Yair Yamin," states that he seeks to "offset all unpaid obligations of DEBTOR KENETH DERREL BROWN JR." (Doc. 34, p. 1). Nothing in that document resembles an objection to the magistrate judge's report. Mr. Brown also has filed other documents including a motion for protective order, a "Notice of Default," a "Notice of Complaint," and copies of prison disciplinary actions. (Doc. 35). Because those documents concern Mr. Brown's conditions of confinement and relate to his pending civil action, the magistrate judge directed the Clerk to re-docket those submissions in Mr. Brown's civil action, *Brown v. Walker*, 7:24-cv-01160-RDP-NAD.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

After consideration of the electronic record in this case and the magistrate judge's report and recommendation, the Court adopts the report, and accepts the recommendation.[2] Consistent with the recommendation, by separate order, the

---

[2] The Court expresses no opinion regarding the merits of Mr. Brown's contention that his state sentence is an "unauthorized sentence." (Doc. 33, p. 9). Mr. Brown's habeas petition fails on the merits of that claim because, as Judge Danella explained, the Court cannot decide issues of state law, not because the Court has considered the claim and rejected it. Per the *Branan* decision, the Court may not consider the merits of Mr. Brown's argument concerning the legality of his sentence under state law. (Doc. 33, p. 9) (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)).

2

Court will dismiss Mr. Brown's petition for writ of habeas corpus without prejudice because he did not exhaust his state court remedies.

Because the petition does not present issues that are debatable among jurists of reason, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings.[3]

**DONE** and **ORDERED** this July 22, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Mr. Brown may request a certificate of appealability from the Eleventh Circuit Court of Appeals. Fed. R. App. P. 22(b); 11th Cir. R. 22-1.