# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

KENNETH DERRELL BROWN, JR.,   )
                              )
    Petitioner,              )
                              )
v.                            )   Case No. 7:24-cv-00872-MHH-NAD
                              )
CHRISTOPHER GORDY, Warden,    )
                              )
    Respondent.              )

## **MEMORANDUM OPINION**

On June 4, 2025, the magistrate judge entered a report in which he recommended that the Court dismiss Kenneth Derrell Brown Jr.'s petition, filed pursuant to 28 U.S.C. § 2254, as unexhausted. (Doc. 33). The magistrate judge advised Mr. Brown of his right to file specific, written objections within 14 days. (Doc. 33). On June 27, 2025, the Court received a document labeled "Affidavit of Facts: Notice of Right to Object" from Mr. Brown, which Mr. Brown seems to have dated June 15, 2025. (Doc. 39, p. 15).[1] Due to a Clerk's Office error, this document did not appear in the electronic court docket until July 25, 2025. The Court considers

---

[1] The date on page 15 is smudged and is difficult to read.

Mr. Brown's submission, (Doc. 39), as timely filed objections to the report and recommendation.[2]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675

---

[2] Mr. Brown filed a "Letter Rogatory" on which he wrote "(This is not a Motion)." (Doc. 34). In that document, Mr. Brown, proceeding as "Ali Yair Yamin," states that he seeks to "offset all unpaid obligations of DEBTOR KENNETH DERREL BROWN JR." (Doc. 34). Because that submission is not relevant to Mr. Brown's habeas claim and does not contain objections to the report and recommendation, the Court has not considered it. Mr. Brown has filed other submissions including a motion for protective order, a "Notice of Default," a "Notice of Complaint," and copies of prison disciplinary actions. (Doc. 35). Because those submissions relate to his conditions of confinement and his pending civil action, the magistrate judge ordered the Clerk of Court to remove the "Motion for Protective Order" and its attachments, (Doc. 35), from this habeas case and re-docket those submissions in Mr. Brown's civil action, *Brown v. Walker*, 7:24-cv-01160-RDP-NAD. (Doc. 36).

2

(quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Mr. Brown's affidavit and notice of right to object, (Doc. 39), do not address the findings of fact and conclusions of law in the magistrate judge's report and recommendation.  Instead, Mr. Brown appears to contend that he is Prince Yair Yamin Ali, a Moorish American Hebrew Israelite National, and that "Kenneth Brown" is a federally created corporate fiction.  (Doc. 39, pp. 2, 13-14).  Mr. Brown then lists court opinions, treaties, and constitutional provisions, (Doc. 39, pp. 3-7, 15), which do not concern federal habeas law.  Mr. Brown also asserts that the State of Alabama has wrongfully assumed "wardship authority" over him, apparently based on legal instruments that he has disclaimed.  (Doc. 39, pp. 7-8).  Finally, Mr. Brown argues that he has not surrendered his liberty under treaties and the constitution to be free from unauthorized physical restraint.  (Doc. 39, p. 9).

In his amended habeas petition, (Doc. 6), Mr. Brown challenges his 2022 convictions and sentence for failing to register as a sex offender.  (Doc. 6, pp. 1-2, 5).  As discussed in the report and recommendation, Mr. Brown did not exhaust his state court remedies before he filed his habeas petition in this matter.  (Doc. 33 at 6-8).  In his current submission, (Doc. 39), Mr. Brown has not addressed this procedural bar to his habeas petition.

After consideration of the electronic record in this case, Mr. Brown's objections, and the magistrate judge's report and recommendation, the Court overrules the objections, adopts the report, and accepts the recommendation. Consistent with the recommendation, by separate order the Court will dismiss Mr. Brown's petition for writ of habeas corpus without prejudice based on his failure to exhaust his state court remedies.

Because the petition does not present issues that are debatable among jurists of reason, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings. Mr. Brown may request a certificate of appealability from the Eleventh Circuit Court of Appeals. Fed. R. App. P. 22(b); 11th Cir. R. 22-1.

**DONE** and **ORDERED** this August 8, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE